UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SHIRLEY DEPARI, EXECUTRIX,
OF THE ESTATE OF LUIGI
DEPARI,
       Plaintiff,

v.

JESSE RUNYON, et al,

       Defendants.

CIVIL ACTION NO.  3:17-cv-00755

(SAPORITO, M.J.)

## MEMORANDUM

This matter is before the court on the motion to intervene by Christine Rutkowski, Thomas Rutkowski, and Matthew Rutkowski, individually and as administrators of the estate of Thomas Rutkowski (the "Rutkowskis"). (Doc. 77).  The sole purpose of the motion is to seek an order unsealing documents filed with the court.  Also, before us is the Rutkowskis' motion to unseal court filings.  (Doc. 79).

## I.  *Statement of Facts*

This wrongful death and survival action arises out of the death of plaintiff's decedent, Luigi Depari, as a result of a motor vehicle accident

that occurred on November 18, 2016, on Interstate 80 in Monroe County, Pennsylvania. The plaintiff initiated this action by the filing of a complaint in this court on April 28, 2017. (Doc. 1). Counsel for the defendants informed the court that the parties resolved this case. (Doc. 60). On November 15, 2018, we entered an order dismissing the action with the right to reinstate the action if the settlement was not consummated within sixty days. (Doc. 61). Thereafter, we granted the request of counsel to extend the time for consummation of settlement to one hundred days from December 17, 2018. (Doc. 61; Doc. 62; Doc. 63).

On January 17, 2019, the plaintiff filed a motion to file a document under seal (Doc. 64), which we granted by order dated January 23, 2019. On January 24, 2019, the plaintiff filed, under seal, a petition for approval of settlement of wrongful death and survival actions and allocation of settlement proceeds. (Doc. 67). On January 29, 2019, the plaintiff filed, under seal, a praecipe to supplement exhibits on petition. (Doc. 71). On February 7, 2019, the parties jointly filed, under seal, an amendment to the petition of the plaintiff for approval of settlement of wrongful death and survival actions and allocation of settlement proceeds and for temporary sealing of the petition. (Doc. 73).

We entered an order on the parties' joint amended petition for approval of settlement which approved the settlement and granted the motion to seal all petitions for approval of settlement together with the general release executed by the parties. The order sealed these records for the duration of pending related Pennsylvania state court actions or for a period of twenty-four months, whichever first occurs. (doc. 74).

On March 14, 2019, the Rutkowskis filed a motion to intervene for the sole purpose of seeking to unseal documents filed with the court (Doc. 77), and a motion to unseal court filings (Doc. 79). The plaintiff and the defendants jointly oppose the motions. (Doc. 81; Doc. 82). After the parties and the Rutkowskis filed their respective briefs, the United States Court of Appeals for the Third Circuit addressed similar issues in *In re Avandia Marketing Sales Practices and Products Liability Litigation*, 924 F.3d 662 (3d Cir. 2019). We directed the parties and the Rutkowskis to file supplemental briefs and scheduled oral argument for June 25, 2019. (Doc. 86). The matter has been briefed and oral argument was heard on June 25, 2019, as previously ordered. The matter is now ripe for a decision.

## II.  Legal Standards

### A. Intervention

In order to prevail on a Rule 24(b)(1)(B) motion for permissive intervention, the moving party must satisfy two requirements: (1) the motion must be timely; and (2) the moving party must have a claim or defense that shares with the main action a common question of law or fact. *See* Fed. R. Civ. P. 24(b)(1)(B); *see also Brody v. Spang,* 957 F.2d 1108, 1115 (3d Cir.1992). As discussed below, "[t]hese requirements have been interpreted flexibly when a non-party seeks intervention for the limited purpose of modifying a protective [or confidentiality] order." *In re Linerboard Antitrust Litig.,* 333 F. Supp. 2d 333, 339 (E.D. Pa. 2004).

In *Pansy v. Borough of Stroudsburg,* the Third Circuit—adopting the reasoning of the Ninth Circuit Court of Appeals in *Beckman Industries, Inc. v. International Insurance Co.*—stated that "the same legal theory [that was raised in the main action], is not required when intervenors are not becoming parties to the litigation. There is no reason to require such a strong nexus of fact or law when a party seeks to intervene only for the purpose of modifying a protective [or confidentiality] order." 23 F.3d at 772, 778 (3d Cir. 1994)(quoting *Beckman,* 966 F.2d 470, 474 (9th Cir.

1992)(second alteration added)). The Third Circuit explained that a party seeking intervention meets the requirement of Rule 24(b)(1)(B) by virtue of the fact that it challenges the validity of the confidentiality order entered in the main action. *See id.*

The requirement that the motion be timely filed "has also been interpreted broadly in the context of modifying protective [or confidentiality] orders." *Linerboard*, 333 F. Supp. 2d at 339. In *Pansy*, the Third Circuit explained that there is a "growing consensus among the courts of appeals that intervention to challenge confidentiality orders may take place long after a case has been terminated" or "after the underlying dispute between the parties has long been settled." 23 F.3d at 779 (quoting *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157 (3d Cir. 1993) (internal quotation marks omitted).

### B. Motion to Unseal

The rules which govern this court's consideration of the confidentiality of court documents were recently delineated by the Third Circuit Court of Appeals in *Avandia*. Because the settlement of this case involves the resolution and/or compromise of claims filed on behalf of the decedent's estate, court approval of the settlement is statutorily required.

*See* 20 Pa. Cons. Stat. Ann. § 3323. Accordingly, the petition for court approval of this settlement was required to be filed as part of the official court record. We recognize that the presumption in this circuit is that there exists a right of public access to judicial proceedings and judicial records. *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986); *Littlejohn v. Bic Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988). The court possesses discretion in deciding whether the presumption of public access has been overcome; however, confidentiality orders cannot be granted capriciously. *Calvert v. Gen. Accident Ins. Co.,* No. Civ. A 99-3599, 2000 WL 124570, at *8 (E.D. Pa. Feb. 2, 2000).

Despite the strong presumption in favor of accessibility of judicial records, our circuit permits the sealing of documents in appropriate circumstances "when justice so requires." *Leap Sys., Inc. v. Moneytrax, Inc.*, 638 F.3d 216, 221 (3d Cir. 2011). The party seeking the sealing order, bears the burden to overcome the presumption of access to show that the interest in secrecy outweighs the presumption. *Id.* at 221-22 (quoting *In re Cendant Corp.* 260 F.3d 183, 190 (3d Cir. 2001)); s*ee also E.E.O.C. v. Kronos Inc.*, 620 F.3d 287, 302 (3d Cir. 2010) ("The burden of justifying confidentiality remains at all times on the party seeking the order.").

*Avandia* delineated three distinct standards when considering various challenges to the confidentiality of documents.

### A. Discovery Materials Under Fed. R. Civ. P. 26

To protect a litigant from "annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c) authorizes the District Court to enter a protective order. As *Avandia* has confirmed, a court should apply the factors articulated in *Pansy*, 23 F.3d at 783-92 (3d Cir. 1994). *Avandia*, 924 F.3d at 671. The primary requirement for filing a document under seal is a showing of "good cause" which is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity. *Pansy*, 23 F.3d at 786 (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" do not satisfy the "good cause" requirement. *Cipollone v. Liggett Grp., Inc.,* 785 F.2d 1108, 1121 (3d Cir. 1986).

In determining whether good cause exists, the federal courts have adopted a balancing approach under which the following factors may be considered: (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an

improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to the public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefiting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public. *Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (citing *Pansy*, 23 F.3d at 787-91). Accordingly, a court must balance the factors which favor maintaining confidentiality against the factors which favor public access to determine whether the requested documents should be filed under seal.

## B. Judicial Records and Documents

The common law presumes that the public has a right of access to judicial materials in both criminal and civil cases to promote public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court. *Avandia*, 924 F.3d at 672. The right of access includes the right to attend court proceedings and to "inspect and copy public records and documents, including judicial records and documents." *Id.; In re Cendant Corp.*, 260 F.3d at 192. The right of

access is dependent on whether the document or record is a "judicial record," which is a document that "has been filed with the court, or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." *Id.* The presumption may be rebutted, and the party seeking to rebut the presumption bears the burden of demonstrating "that the interest in secrecy outweighs the presumption" and that "the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Bank of Am.*, 800 F.2d at 344; *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994). Finally, *Avandia* set down some additional rules:

> To overcome that strong presumption, the District Court must articulate the compelling, countervailing interests to be protected, make specific findings on the record concerning the effects of disclosure, and provide an opportunity for interested third parties to be heard. In delineating the injury to be prevented, specificity is essential. Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient. Careful factfinding and balancing of competing interests is required before the strong presumption of openness can be overcome by the secrecy interests of private litigants. To that end, the District Court must conduct a document-by-document review of the contents of the challenged documents.

924 F.3d at 672-73. (citations, alterations, and internal quotation marks omitted)

## C.  *First Amendment Right of Access to Civil Trials*

The public and press have a First Amendment right of access to civil trials. *Publicker Indus.*, 733 F.2d at 1070. To determine whether the First Amendment right of access applies, the Third Circuit uses a two-prong test based on experience and logic to assess if the right of access attaches: "(1) the experience prong asks 'whether the place and process have historically been open to the press'; and (2) the logic prong evaluates 'whether public access plays a significant positive role in the functioning of the particular process in question.'" *Avandia*, 924 F.3d at 673; *N. Jersey Media Grp. Inc. v. United States*, 836 F.3d 421, 429 (3d Cir. 2013). If both prongs are satisfied, a qualified First Amendment right of public access attaches. *Id.* "The First Amendment right of access requires a much higher showing than the common law right [of] access before a judicial proceeding can be sealed." *Cendant Corp.*, 260 F.3d at 198 n.13. Any restriction on the right of public access "is . . . evaluated under strict scrutiny." *PG Publ'g Co.*, 705 F.3d at 104. If the First Amendment right of access applies, "there is a presumption that the proceedings will be open to the public." *Publicker*

*Indus.*, 733 F.2d at 1073. The party seeking closure may rebut the presumption of openness only if able to demonstrate "an overriding interest [in excluding the public] based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* The party seeking closure or sealing in the face of the First Amendment right of access "bears the burden of showing that the material is the kind of information that courts will protect and that there is good cause for the order to issue." *Id.* at 1071. Good cause means "that disclosure will work a clearly defined and serious injury to the party seeking closure"; "[t]he injury must be shown with specificity." *Id.*

## III. Discussion

### A. Motion to Intervene

Here, the Rutkowskis seek to intervene for the limited purpose of challenging the validity of the sealing Order entered in this case. Under these circumstances, the fact that the Rutkowskis are challenging the sealing Order is sufficient to satisfy the requirement that their claim or defense share with the main action a common question of law or fact. *See Flint v. Lombardi*, 782 F.3d 963, 967 (8th Cir. 2015) (stating that "it is the public's interest in the confidentiality of the judicial records that—'in the

language of Rule 24(b)[(1)(B)]—[is] a question of law . . . in common between the Parties [to the original suit] and the [would-be intervener]'") (quoting *Jessup v. Luther*, 227 F.3d 993, 999 (7th Cir. 2000) (first alteration added)); *see also Pansy*, 23 F.3d at 778 (explaining that "[b]y virtue of the fact that the Newspapers challenge the validity of the Order of Confidentiality entered in the main action, they meet the requirement of [Rule 24(b)(1)(B)] that their claim must have a 'question of law or fact in common' with the main action"). Accordingly, the Court finds that the Rutkowskis meet the commonality requirement for permissive intervention. The Court further finds that because intervention in this case relates to a "particularly discrete and ancillary issue" and "will not disrupt the resolution of the underlying merits" of this case, which have already been resolved and "are no longer subject to review," delayed intervention by the Rutkowskis will cause minimal, if any, prejudice to the plaintiff. *Public Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 786 (1st Cir. 1988). Therefore, we will grant the Rutkowskis' motion to intervene.

### B. Motion to Unseal Records

In determining the motion to unseal records, our first task is to ascertain the applicable standard. The Rutkowskis argue that the

12

standard regarding the right of access to judicial records applies, while the plaintiffs and the defendants maintain that the "good cause" standard applies to seal the records after balancing the *Pansy* factors. During oral argument, counsel for the parties agreed that the First Amendment standard does not apply. After reviewing *Avandia*, we have determined that the pertinent standard is the common law right of access. We are obligated to apply the more exacting common law right of access standard because the challenged documents are "judicial records" as they were filed on our court's public docket. The plaintiff and the defendants, as the parties requesting sealing, bear the burden of showing that the interest in secrecy outweighs the presumption and that the material subject of the sealing is the "kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Miller*, 16 F.3d at 551.

To balance the competing interests, we "must conduct a document-by-document review" of the contents of the challenged documents. *Avandia,* 924 F.3d at 674. At the oral argument, counsel for the Rutkowskis stated that the challenged documents consist of the five documents which were identified in our confidentiality order dated February 27, 2019. (Doc. 76).

Those documents are set out as follows:

(a)   The Order Approving Settlement and Allocation in the above-captioned case dated February 27, 2019, is being filed contemporaneously with this Order. (Doc. 75).

(b)   The Petition of Shirley DePari, Executrix of the Estate of Luigi Depari, for Approval of Settlement of Wrongful Death and Survival Actions and Allocation of Settlement Proceeds (with Exhibits) annexed to said order Approving Settlement and Allocation. (Doc. 67).

(c)   Praecipe to Supplement Exhibits on Petition. (Doc. 71).

(d)   Statement of Legal and Factual Justification for the Sealing Order Being Sought. (Doc. 65).

(e)   Joint Amendment to Petition of Shirley DePari, Executrix of the Estate of Luigi DePari, for Approval of Settlement of Wrongful Death and Survival Actions and Allocation of Settlement Proceeds and for Temporary Sealing of the Petition. (Doc. 73).

We shall now weigh the applicable factors as found in *Avandia*.

**(1)   The public's right of access.**

*Avandia* instructs that the public's right of access must be the starting point, not just one of multiple factors, and that "the scale is tipped at the outset in favor of access." 924 F.3d at 677. *Avandia* further instructs that the right of access is not a formality—as it "promotes public confidence in the judicial system"; "diminishes possibilities for injustice,

incompetence, perjury, and fraud"; and "provides[s] the public with a more complete understanding of the judicial system and a better perception of its fairness." *Id.* (quoting *Littlejohn*, 851 F.2d at 678). We are required to give sufficient weight to the "public's strong interest in the openness of judicial records." *Avandia,* 924 F.3d at 677.

### (2) Document-by document review.

Under *Avandia*, we are required to conduct a document-by-document review of the disputed documents to give a particularized, deliberate assessment of the standard as it applies to each disputed document. *Id.* 924 F.3d at 677, n. 11.

### a. The Order Approving Settlement and Allocation in the above-captioned case dated February 27, 2019, that is being filed contemporaneously with this Order. (Doc. 75).

This document approved the settlement terms, allocated the settlement proceeds between the wrongful death and survival actions, approved counsel fees, reimbursement of costs and workers' compensation lien, allocated the proceeds to the decedent's wrongful death beneficiaries and survival beneficiary, directed the prompt filing of an Inventory and Inheritance Tax Return, and authorized the execution of the release.

**b. The Petition of Shirley DePari, Executrix of the Estate of Luigi Depari, for Approval of Settlement of Wrongful Death and Survival Actions and Allocation of Settlement Proceeds (with Exhibits) annexed to said order Approving Settlement and Allocation. (Doc. 67).**

This is the petition of the plaintiff seeking approval of the settlement of the wrongful death and survival actions and approval of the allocation of the settlement proceeds. The petition identifies the parties and the decedent. It states that the decedent died testate on November 18, 2016, because of the subject accident. It identifies the wrongful death beneficiaries and a description of the accident and injuries of the decedent resulting in his death. It requests approval of (1) the terms of settlement, the payment of a workers' compensation lien; (2) a proposed percentage allocation of the wrongful death and survival actions with the reasons justifying the proposed allocation; (3) the proposed allocation of the settlement proceeds to the wrongful death beneficiaries; (4) the payment of counsel fees and reimbursement of costs advanced based upon a contingent fee agreement with plaintiff's counsel; and (5) its request to seal the record as it pertains to the settlement documents. It further alleges that the

agreement between the parties and the release submitted for signature are subject to a confidentiality clause.  Attached to the petition are several exhibits identified as follows:  Exhibit "A" is the Last Will and Testament of the decedent; Exhibit "B" is the Short Certificate issued by the Clerk of Judicial Records, Register of Wills Division for Lehigh County certifying that the clerk granted Letters Testamentary to the plaintiff and that they have not been revoked; Exhibit "C" is the Certification of Death listing "blunt force trauma" as the cause of death; Exhibit "D" is the proposed General Release of All Claims; Exhibit "E" is the first page of the Third Party Settlement Agreement between the plaintiff and the decedent's workers' compensation insurance carrier.  Finally, also attached were proposed orders to seal the settlement documents and grant approval of the settlement terms as well as a cover letter to the clerk of courts of this court containing the sealed envelope of the petition requesting that they be forwarded to the undersigned for consideration.

We see no reason to seal the records contained in Exhibits "A" (Last Will and Testament of the decedent), "B" (Short Certificate issued by the Register of Wills), and "C" (Certification of Death).  With respect to Exhibit "D" (the General Release), we note that at the oral argument, counsel for

the Rutkowskis agreed that the amount of settlement and counsel fees associated with it may be redacted. (Doc. 97, at 38). Therefore, we will lift the sealing order as to the General Release and redact any indication of the settlement amount or any language that could be construed to determine the amount. As Exhibit "E" contains only the first page of the Third-Party Settlement Agreement with the workers' compensations carrier, we will lift the sealing order as to it.

### c. Praecipe to Supplement Exhibits on Petition. (Doc. 71).

This document is a supplement to the petition (Doc. 67) containing the following documents: Exhibit "E" is the full copy of the Third Party Settlement Agreement between the plaintiff and the decedent's workers' compensation insurance carrier; Exhibit "F" contains the executed agreements for the allocation and receipt of wrongful death proceeds signed by the children of the decedent; Exhibit "G" is the contingency fee agreement with plaintiff's counsel and signed by her; Exhibit "H" consists of the costs disbursement sheets of plaintiff's counsel evidencing the costs advanced by counsel; Exhibits "I" and "J" are the verifications that there are no child support liens and the Pennsylvania Department of Revenue's letter evidencing that it has no objection to the plaintiff's proposed

allocation.

Exhibit "E" contains the entire agreement of the Third-Party Settlement Agreement with the workers' compensation carrier consisting of two pages. We will lift the sealing order as to page one and redact all amounts listed on page two of the agreement. With respect to Exhibit "F" (the executed agreements for the allocation and receipt of wrongful death proceeds signed by the children of the decedent), we will lift the sealing order as it pertains to those executed agreements and redact any indication of the settlement amount or any language that could be construed to determine the amount. As Exhibit "G" (the contingency fee agreement with plaintiff's counsel and signed by the plaintiff) contains no language or amounts that indicate the settlement amount, we will lift the sealing order with respect to it and redact the payment terms to plaintiff's counsel as a potential net recovery received by the plaintiff may be ascertained. Exhibit "H" consists of the costs disbursement sheets of plaintiff's counsel evidencing the costs advanced by counsel. The sealing order will remain in effect as to this exhibit as the amount of the costs advanced by plaintiff's counsel could be ascertained.

**(d)  Statement of Legal and Factual Justification for the Sealing Order Being Sought. (Doc. 65).**

This document contains the reasons in support of the request to seal the settlement documents.  Those reasons include that the plaintiff signed a general release which contains a confidentiality provision and that the plaintiff and the defendants agreed that all settlement documents should be kept confidential with limited exceptions and filed under seal.  Except as set forth above, the allegations contained in this document do not make any reference to the terms of settlement.  Rather, it sets forth reasons in support of a sealing order.  We see no reason to seal this document under these circumstances.  By redacting the amount of the settlement and any other identifying features that could lead to its ascertainment, we are addressing the issue of potential prejudice proffered by the plaintiff and the defendants.

**(e)  Joint Amendment to Petition of Shirley DePari, Executrix of the Estate of Luigi DePari, for Approval of Settlement of Wrongful Death and Survival Actions and Allocation of Settlement Proceeds and for Temporary Sealing of the Petition. (Doc. 73).**

This document is filed jointly between the plaintiff and the

defendants. It lists the four actions pending in Pennsylvania state court as well as an unfiled claim involving a minor. The plaintiff and the defendants maintain that there are four pending matters in Pennsylvania state courts arising out of the same incident that is the subject of this action. (Doc. 73 ¶ 1). In each of those actions, the plaintiff herein is a named defendant. (*Id.*). The averments contained in the joint petition do not make any reference to the terms of settlement. Rather, it sets forth reasons in support of a sealing order. We see no reason to seal this document under these circumstances.

### 3. *Countervailing Interests*

Although "the right of access is firmly entrenched, so also is the correlative principle that the right . . . is not absolute." *Bank of Am.*, 800 F.2d at 344. Rather, "the strong common law presumption of access must be balanced against the factors militating against access. The burden is on the party who seeks to overcome the presumption of access to show that the interest in secrecy outweighs the presumption." *Id.* (citations omitted).

The plaintiff and the defendants assert that disclosure of the amount of the settlement would permit the plaintiffs in the Pennsylvania state court actions to discover wealth information of the plaintiff in this

action.  (Doc. 73 ¶¶ 5, 14-16).  A plaintiff must demonstrate a well-founded possibility that a defendant may be subject to punitive damages as a matter of law before discovery of that defendant's financial documents is appropriate.  *Shelton v. Cty. of Chester*, Civ. Action No. 13-4667, 2015 WL 5460623 *1 (E.D. Pa. Sept. 9, 2015).  Moreover, the Pennsylvania Rules of Civil Procedure require that the court approve a request to discover wealth information in a claim for punitive damages in an order which sets forth "appropriate restrictions as to the time of the discovery, the scope of the discovery, and the dissemination of the material covered."  See Pa. R. Civ. P. 4003.7.  We agree with the plaintiff and the defendants that if the state court plaintiffs obtained knowledge of the wealth of the plaintiff in this action, it could serve to prejudice the plaintiff in potential settlement negotiations in the state court actions where she is a named defendant.  But this is not an issue of discovery.  Rather, the common law right of access applies and by redacting the amount of the settlement and any other identifying features that could lead to its ascertainment, we are addressing the issue of potential prejudice proffered by the plaintiff and the defendants.

After weighing all applicable factors and applying the common law

right of access standard, the balance tips in favor of temporary non-disclosure of the redacted items set forth in this Memorandum while the Pennsylvania state court actions remain pending. After their resolution, there is no longer a need to seal the record as it pertains to the documents as otherwise redacted by the order to follow.

An appropriate order follows.

<u>**s/Joseph F. Saporito, Jr.**</u>
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

Dated: July 26, 2019